## EVANS v. HUMPHREY et al.
### No. 5976.

Circuit Court of Appeals, Ninth Circuit.
March 17, 1930.

F. M. Bistline, of Pocatello, Idaho, for appellant.

W. G. Bissell and Branch Bird, both of Gooding, Idaho, for appellees.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

A. Humphrey, for the consideration of $2,500, purchased a judgment against the appellant, L. L. Evans. Thereafter he caused execution to be levied upon certain property of the judgment debtor and also up-

on a quarter section of land to which the judgment debtor had no title. The property so levied upon was sold by the United States Marshal, and A. Humphrey bid the same in for the sum of $1,239.28. Thereafter, upon ascertaining that the judgment debtor had no title to the quarter section above mentioned, he made application to the United States District Court for the revival of the judgment to the extent of the amount bid for this quarter section. The court granted the prayer of petitioner and revived the judgment.

In this statement we have thus far ignored the fact that Humphrey characterized himself in the petition to revive the judgment as trustee and alleged in the petition that he was "the duly appointed, qualified and acting trustee for the City of American Falls, Idaho, Independent School District No. 1, of Power County, Idaho, Power County, Idaho, itself, all municipal corporations, and The Fidelity and Deposit Company of Maryland and the Federal Reserve Bank of San Francisco, California."

The order revived the judgment in the name of A. Humphrey, trustee. The only question raised by the judgment debtor in the trial court and in this court is as to the authority of A. Humphrey to act as trustee for the municipal corporations for which he claims to be trustee. We do not see how the appellant is concerned with this question. The evidence showed beyond dispute that Mr. Humphrey purchased from the judgment creditor the judgment in question for the sum of $2,500, which he then and there paid to said judgment creditor. This money he claimed was money belonging to the corporations for which he claims to be trustee. If the money was his own and the judgment was assigned to him, the judgment debtor could not be concerned in the fact that he nevertheless characterized himself as trustee. If the money did not belong to him and did belong to the corporations for which he claimed to be trustee, the law would raise a resulting trust in favor of these corporations to the extent of their ownership in the money, and the judgment debtor could not complain of the fact that Mr. Humphrey recognized their obligation by formally declaring himself to be the trustee for such corporations. We need not decide the contention raised by the appellant, to the effect that the contracts with the municipal corporations under which Mr. Humphrey purported to be acting were ultra vires, for in any event it is immaterial to the judgment debtor whether Mr. Humphrey was acting individually or as trustee.

In order to understand the entire situation, however, it may be added to what has heretofore been stated that the unusual situation disclosed by the record results from the fact that the First National Bank of American Falls, Idaho, was used as a depositary by the municipal corporations for which Mr. Humphrey purported to act as trustee and the Fidelity and Deposit Company of Maryland was on the surety bond given to such municipal corporations to secure to them the repayment of the funds so deposited, and the Federal Reserve Bank of San Francisco was also a creditor of said bank; that attachments were levied, judgments obtained, and executions issued for the sale of the attached property in which all of the corporations were interested, and that they employed Mr. Humphrey as trustee to handle the property purchased under such judgments and executions in which all such corporations were jointly interested; that the $2,500 used by Mr. Humphrey for the purchase of the judgment against L. L. Evans was derived from this joint fund; and that the appellant Evans was a stockholder in the First National Bank, and the judgment against him, which was purchased by Humphrey, was a judgment in favor of D. W. Church, the receiver of the First National Bank, upon his double liability as a stockholder therein. These facts, however, are entirely immaterial to the controversy for the reasons above stated.

Order affirmed.